MEYER v. RING.

Opinion delivered January 14, 1924.

1. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—POWERS.—The powers of the commissioners of an improvement district are given by statute, and in exercising such powers the board of commissioners acts as the agents of the property owners in the district.

2. MUNICIPAL CORPORATIONS—AUTHORITY OF IMPROVEMENT DISTRICTS TO BORROW MONEY.—Under Crawford & Moses' Dig., § 5708, authorizing improvement districts to borrow money, a board of commissioners of a paving district may borrow not exceeding 90 per cent. of the estimated cost of the work as reported by the commissioners to the city council, and it was error to restrain the board from issuing bonds in a sum not exceeding 90 per cent. of a sum less than such estimated cost.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

STATEMENT OF FACTS.

Charles T. Meyer brought this suit against the commissioners of the board of improvement of Pulaski Street annex to Street Improvement District No. 288 of the city of Little Rock, Arkansas, to enjoin said commissioners from borrowing money or issuing bonds for the purpose of constructing said improvement.

According to the allegations of the complaint, the plaintiff is the owner of real property within the boundaries of said Pulaski Street annex, and the defendants are the commissioners duly authorized under the statute to construct the street improvement.

The complaint is divided into paragraphs. In the first paragraph it is alleged that the said commissioners proposed to issue negotiable bonds for the purpose of raising money with which to make the improvement; that the said bonds, if issued, will be a lien upon the property of the plaintiff, and will get into the hands of innocent purchasers and thereby constitute a cloud upon the title to his property.

In the second paragraph it is alleged that the estimated cost of the work as shown by the report of the

board of commissioners on file in the office of the city clerk is $19,195; but that the real estimated cost is $18,000; that said commissioners have declined to file a revised report and estimate, and propose to borrow money to the amount of 90 per cent. of said sum of $19,195. The prayer of this paragraph is that the defendants be restrained from borrowing a greater amount of money than 90 per cent. of $18,000.

The case was submitted to the chancery court upon the complaint and a demurrer thereto. The court sustained the demurrer to the first paragraph and overruled it as to the second paragraph of the complaint.

The plaintiff and defendants both declined to plead further. It was therefore decreed that the defendants be restrained from issuing bonds for more than 90 per cent. of $18,000. The case is here on appeal.

*Robert D. Lee* and *A. L. Rotenberry,* for appellant.

1. While the Legislature has authority to empower a board of improvement to issue negotiable bonds and borrow money to make a local improvement, yet such authority was not conferred by § 5708, C. & M. Digest. Under it the board can only pledge uncollected assessments. In the sense used, there could be no pledge without delivery, and there could be no delivery of uncollected assessments. 186 Fed. 451. Municipal improvement districts have no powers except those expressly conferred by statute, and those necessarily implied from powers expressly given. 94 Ark. 380. Their power to borrow money and to issue bonds or other negotiable obligations must be found in the statute under which the district is created, else it does not exist at all. 79 Ark. 234; 138 U. S. 1076, 1077; 134 U. S. 198, 203.

2. The district is not authorized to issue bonds to the extent of 90 per cent. of the estimated cost of the work on file with the city council, and should be restricted to 90 per cent. of the present estimated cost, as prayed in the second count of the complaint. In this case, no bonds had been issued and passed into the hands of innocent purchasers, and the contention that the estimated

cost referred to in § 5708, C. & M. Digest, is evidently the estimated cost referred to in §§ 5656 and 5657, *Id.,* has no application. The board is not required to borrow the full amount of ninety per cent. of the estimated cost of the work, and the only way lenders could be affected would be for the board to attempt to borrow *more* than 90 per cent. of the estimated cost.

3. It is evident that the purpose of the proposition to add to the 90 per cent. of the estimated cost of the work a sum amounting to six per cent. per annum, and to convert all of such loan into bonds bearing interest at 5½ per cent. per annum, is to evade the limitation restricting the amount borrowed to 90 per cent. of the estimated cost of the work. 102 Ark. 308.

*Wallace Townsend* and *Rose, Hemingway, Cantrell & Loughborough,* for appellees.

1. The power to issue negotiable bonds by improvement districts of this kind is so well established in this State that a change of the court's ruling in this respect would amount to a disaster. 81 Ark. 286; 109 Ark. 90; 123 Ark. 471; 130 Ark. 44; 151 Ark. 398, 399; 156 Ark. 498; 130 Ark. 162; 135 Ark. 315; 155 Ark. 324; 70 Ark. 211, 215; 102 Ark. 307, 308; 131 Ark. 29; *Id.,* 431; 148 Ark. 634; 135 Ark. 98. It is true that § 5708, C. & M. Digest, does not specifically authorize the issuing of negotiable paper, but that power is necessarily implied from the authority given to borrow money. 70 Ark. 211; 152 Ark. 422.

2. The district is authorized to issue bonds to the extent of 90 per cent. of the estimated cost. C. & M. Digest, §§ 5656, 5657; *Id.,* § 5708. It is evident that estimated cost referred to in the last-named section is the estimated cost referred to in the first two, and it means 90 per cent. of the estimated cost as it appears in the report filed by the commissioners with the city council.

3. Appellant's position might be tenable if the act had provided that the district could *issue bonds* only to the extent of 90 per cent. of the estimated cost, but such is not the case. The statute, § 5708, contains no limita-

tion upon the power to issue bonds, but upon the borrowing power of the district, viz: that the district "may borrow money not exceeding 90 per cent. of the estimated cost of the work, at a rate of interest not exceeding 10 per cent. per annum."

HART, J., (after stating the facts). Under our Constitution the Legislature is empowered to create local improvement districts in towns and cities, under such regulations as may be prescribed by law, to be based upon the consent of the majority in value of the property holders owning property adjoining the locality to be affected. According to the allegations of the complaint, the improvement district in question was organized in conformity with the provisions of the statute, and the defendants were duly appointed as commissioners to make the improvement. The powers of the commissioners are given by our statute, and, in exercising the powers conferred, the board of commissioners acts as the agent of the property owners in the district. *Fitzgerald* v. *Walker,* 55 Ark. 148.

Under § 5656 of Crawford & Moses' Digest the board is authorized to form plans for the improvement and to procure estimates for the cost thereof.

Section 5657 provides that, as soon as said board shall have formed said plans and shall have ascertained the cost of the improvement, it shall report the same to the city or town council.

According to the allegations of the complaint, the estimated cost of the work as shown by this report on file, as required by the statute, is $19,195.

Section 5708 of the Digest provides that, in order to hasten the work, the board may borrow money not exceeding 90 per centum of the estimated cost of the work, at a rate of interest not exceeding 10 per centum per annum, and may pledge all uncollected assessments for the repayment thereof.

The language of the statute is plain and unambiguous. It manifestly refers to the estimated cost of the work provided for in § 5656. There is no allegation in the

complaint that the estimate of the cost of the work reported by the board to the city council was the result of fraud or gross mistake. Therefore, under the statute, the board had the authority to borrow money in any sum not exceeding 90 per centum of $19,195, which was the estimated cost of the work as reported by the commissioners to the city council, and on file with the city clerk.

It follows that the chancery court erred in restraining the commissioners from issuing bonds for more than 90 per centum of $18,000.

The court sustained a demurrer to the first paragraph of the complaint. This was not error. Under § 5708 the right to borrow money to construct the improvement is conferred upon the commissioners, and they are given the power to pledge all uncollected assessments for the repayment thereof. This section, by necessary implication, gives the board the power to borrow money and to issue bonds or other written evidence of the indebtedness to the creditors of the district. *Altheimer* v. *Board, etc., Plum Bayou Levee Dist.,* 79 Ark. 229.

As we have already seen, the powers of the commissioners are given by the statute, and we cannot know in advance that there will be any innocent purchaser of bonds within the meaning of the law merchant. Certainly no such parties are before the court, and, as stated in the case of *Fitzgerald* v. *Walker,* 55 Ark. 148, we are not called upon to decide whether a board of improvement, by making notes or bonds negotiable in form, can invest them with all the characteristics of commercial paper issued by individuals or private corporations. Questions of this sort will be decided when they arise, but will not be determined in anticipation of the possibility that they may arise.

It follows that the decree will be reversed, and the cause remanded with directions to sustain the demurrer to the second paragraph of the complaint.