LOGAN *v.* SIDEWALK DISTRICT No. 6.

Opinion delivered April 14, 1924.

MUNICIPAL CORPORATIONS—AUTHORITY OF SIDEWALK DISTRICT TO ISSUE BONDS.—Crawford & Moses' Dig., § 5708, authorizing municipal improvement districts to "borrow money" and to "pledge all uncollected assessments for the repayment thereof," empowered a sidewalk improvement district to issue negotiable bonds.

Appeal from Johnson Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

Appellant, *pro se.*

The bonds sued on in this case do not possess the characteristics of commercial paper, and are subject to the defenses set up in the intervention, even though the bank be an innocent holder for value. 59 Iowa 95, 14 Fed. 628; 94 Ill. 528; 220 Ill. 417; 28 Cyc. 1611; 120 U. S. 517; 111 U. S. 400; 37 N. J. L. 191; 146 Fed. 113; 65 N. E. 687; 77 N. E. 169; 173 Mass. 275; 58 N. E. 1096; 50 N. E. 319.

*G. O. Patterson,* for appellee.

The bond in this case contains every requirement and provision necessary to make it negotiable under the negotiable instruments laws of the State. C. & M. Digest, § 7767. No exception or saving clause appears in the above statute excluding obligations of this character, and similar statutes are generally held to apply to bonds or notes of municipal improvement districts. 67 Atl. 67; *Id.* 69; 83 N. J. Law. 446; 157 N. C. 191. The commissioners had the power, under the provisions of C. & M. Digest, § 5708, to borrow money, not exceeding 90 per cent. of the estimated cost of the work, at a rate of interest not exceeding 10 per cent. per annum, and to pledge the uncollected assessments therefor. This carries with it by necessary implication the power to issue negotiable notes or bonds, or such evidences of indebtedness as are sanctioned by the known usages and customs of business in such cases. 51 Miss. 111; 30 L. ed. (U. S.) 701; 35 Ore. 325; 76 Am. St. Rep. 501; 28 Cyc. 1612; 78 Ark. 118; 90 Fed. 586; 116 Fed. 840; 99 U. S. 88, 95; 25 L. ed. 363; 126 Tenn. 223

*Rose, Hemingway, Cantrell & Loughborough, Coleman & Gantt,* and *Powell & Alexander,* submitted separate briefs as *amici curiae.*

HUMPHREYS, J.    The First National Bank of Clarksville brought suit in the chancery court of Johnson County against Sidewalk District No. 6 of Clarksville to recover judgment in the sum of $515 upon a negotiable bond issued and sold by said district to obtain money with which to build sidewalks therein, and to enforce a lien against all the real property within the district to pay the judgment.    It was alleged in the bill that said district was created under the general laws of the State of Arkansas, and that it issued this and nine other bonds in the sum of $500 each, bearing interest at the rate of 6 per cent. per annum, negotiable in form, for the purpose of constructing sidewalks and street crossings within said district; that said bond and interest had matured; that provision was made in accordance with law for levying taxes upon the real property in the district for the payment of said bonds and interest, and that said district had derived funds sufficient from this source to pay the bond and interest coupon attached thereto; that said bank purchased the bond for value before maturity, without knowledge of any legal or equitable defenses thereto, and is an innocent holder thereof.

The improvement district filed an answer admitting the allegations of the bill, and stating that said bond and coupon would have been paid at maturity had it not been for objections made by the intervener, B. B. Logan, and other property owners and taxpayers in the district.

B. B. Logan filed an intervention denying the right and authority of the improvement district to issue negotiable certificates or bonds for borrowed money with which to make improvements in the district, and, for that reason, denying that the bank had or could become an innocent purchaser of the bond in question for value before maturity, and interposing the following defenses thereto : first. that the consideration for the indebtedness evidenced by the bonds failed because the contractor used

an inferior grade of material and workmanship in constructing the sidewalks, in violation of his contract with the district; second, that the bonds were sold below their par or actual value; and third, that the commissioners of the district failed and refused to make full collection each year upon the benefits assessed against the property owners within the district, and failed and refused to provide from such collection ample funds with which to discharge the bonds.

The bank filed a demurrer to the intervention, upon the ground that it did not state facts sufficient to constitute a defense to the claim sued on in the action, which was sustained, over the objection and exception of the intervener. The intervener stood upon his demurrer and refused to plead further, whereupon the court dismissed the intervention and rendered a decree upon the bond in favor of the bank against the district, from which decree an appeal has been duly prosecuted to this court by the intervener.

A reversal of the decree is sought by appellant upon the alleged ground that the improvement district had no authority under the law to issue negotiable certificates or bonds evidencing its indebtedness for borrowed money with which to construct improvements therein. The record reflects that the bond in question was purchased by the bank for value, before maturity, and without notice of any defenses thereto, and that it is negotiable in form. The authority for issuing these and the other nine bonds in the series is to be found in § 5708 of Crawford & Moses' Digest, which is as follows: "In order to hasten the work, the board may borrow money, not exceeding ninety per cent. of the estimated cost of the work, at a rate of interest not exceeding ten per centum per annum, and may pledge all uncollected assessments for the repayment thereof."

In construing this statute this court said, in the case of *Meyer* v. *Ring*, 162 Ark. 9, that "this section, by necessary implication, gives the board the power to bor-

row money and issue bonds or other written evidences of indebtedness to the creditors of the district.''

This court is committed to the doctrine that, where a school district is authorized to borrow money and issue evidences of indebtedness therefor, such authority includes the power to issue negotiable bonds of the district. *Schmutz* v. *School Dist. of Little Rock*, 78 Ark. 121. By analogy, the same principle is applicable to improvement districts. This case is therefore ruled by the principle announced in the Schmutz case.

No error appearing, the decree is affirmed.